### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **GARY LEROY LUCAS,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION** <br> **1:24-CV-5064-SDG** |
| **CITY OF DULUTH, GEORGIA, ET AL,** | |
| **Defendants** | |

### BRIEF IN SUPPORT OF PLAINTIFF'S FIRST MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Lucas provides an affidavit in support of the motions, Exhibit A. A copy of the arrest report is Exhibit B. Exhibit C is Defendants's response to Plaintiff's Interrogatory #3 The scene of the crime alleged by Duluth police – the "Georgia Power" property - is outside the city limits of Duluth.

**I.  Members of the Duluth Police illegally arrested Mr. Lucas, as they had no legal authority to make a warrantless arrest for any alleged crime outside their jurisdiction.**

1) **The situs of the alleged crime – "criminal trespass" on property owned by Georgia Power – was outside of the boundaries of the City of Duluth.**

> Officers of the Georgia State Patrol and any other officer of this state or of any county or municipality thereof having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under this article, *provided that officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law.* [emphasis added.]
> GA Code 40-13-30 (2021).

> Exhibit A presents Mr. Lucas's affidavit that the Georgia Power property is outside the boundaries of the City of Duluth.

2) **The Duluth Police department had no authority to conduct an arrest for any activity on the Georgia Power property.**

Plaintiff is unable to locate a court interpretation of GA Code 40-13-30. However the court has offered a sharp and extensive observation interpreting similar limitations in GA Code 20-3-72, in Zilke v State, 299 Ga. 232, 787 S.E.2nd 745:

> In this case, the trial court excluded evidence on the grounds that Officer Mason, who was a POST-certified officer employed by KSU, had no authority to arrest appellant because, at the time of arrest, Officer Mason was outside his statutorily-designated territorial jurisdiction. … We agree that Officer Mason had no authority to effect a custodial arrest of appellant outside the jurisdiction conferred by OCGA 20-3-72. Contrary to the contentions of the State and reasoning of the Court of Appeals, OCGA 17-4-23 cannot reasonably be construed to authorize Officer Mason's arresting appellant. First, by its plain terms, OCGA 17-3-23(a), which is a criminal procedure statute, only authorizes an arrest *"by the issuance of a citation"* it a person commits a motor vehicle violation within the law enforcement officer's presence. (Emphasis supplied.) The statute does not confer the ability to make a custodial arrest for a motor vehicle violation within the law enforcement officer's presence, unless that person fails to answer the citation by appearing in court and then, any apprehension of the person must be made pursuant to a warrant.
>
> Indeed, the purpose of OCGA 17-4-23 has never been to enlarge the territorial boundaries of the various law enforcement agencies in the state, but rather to give law enforcement officers the discretion to write a citation in lieu of making a custodial arrest for motor vehicle violations.
>
> …
>
> We are likewise unconvinced that Officer Mason's POST-certification has any bearing on the territorial limits of his jurisdiction …. ; such status however does not confer extraterritorial jurisdiction.

The Police case report – Exhibit B – acknowledges that the "subject – victim" was Georgia Power only. Georgia Power never presented a complaint, and the criminal charge was sworn only by the arresting officer, who did not actually witness the presence of Mr. Lucas on the Georgia Power property on April 6, 2021.

An amusing side note, the police case report acknowledges that the call triggering the non-emergency investigation was a report of a "suspicious person" at an entirely different address, Sugarloaf Parkway and Peachtree Boulevard – which is within the

jurisdiction of the Duluth Police Department - approximately 1/3rd of a mile away from the situs of the alleged crime. A less charitable interpretation of the error would be that the arrest report was intended to conceal the lack of jurisdictional authority for such a physical arrest, thus deceiving the magistrate who issued the order for incarceration. Such deception has a well-established pattern in the words of the Defendants, who - for example - repeatedly advise that Mr. Lucas was "told" he did not have permission to be on the Georgia Power property; Defendants always omit the fact that it was only a Duluth Police Officer outside his jurisdiction who issued the lifetime restraining order against Mr. Lucas, and never presented the issue to a court nor to the property ownership.

3) **The defendants's response to plaintiff interrogatory #3 acknowledges that defendants are unaware of any party associated with City of Duluth who has authority to speak for the ownership of any Georgia Power properties.**

In response to interrogatory, Defendants acknowledge that they are unaware of any party associated with City of Duluth who has authority to speak for the ownership of any Georgia Power properties. Exhibit C.

**II.   Duluth Police Department employees misapplied the Georgia Criminal Trespass Statute. Mr. Lucas could not be convicted of Criminal Trespass under Georgia law, as none of the provisions of the law are applicable to the uncontroverted facts.**

Georgia law lists four alternative foundations for a charge of criminal trespass.

**(a)** A person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less or knowingly and maliciously interferes with the possession or use of the property of another person without consent of that person.

**(b)** A person commits the offense of criminal trespass when he or she knowingly and without authority: **(1)** Enters upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person for an unlawful purpose; **(2)** Enters upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden; or **(3)** Remains upon the land or premises of another person or within the vehicle, railroad car, aircraft, or watercraft of another person after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart.

...

*OCGA § 16-7-21*

Amended by 2001 Ga. Laws 353, § 1, eff. 7/1/2001.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The criminal complaint (Attachment B, Duluth Police case report) was vague about which provision of GA Code 16-7-21 Mr. Lucas purported offended.  Each theoretical basis for a criminal trespass charge fails for the reasons cited below.

**a) Georgia Code 16-7-21a affirms the offense of criminal trespass arises when one "intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less or knowingly and maliciously interferes with the possession or use of the property of another person without consent of that person."**

In his pleadings paragraph #21. Mr. Lucas avers that he committed no damage to the Georgia Power property, and no officer alleged property damage.  In his pleadings paragraph #22, Mr. Lucas affirms that his visit to the property had no element of malice and did not otherwise interfere with possession and use of the property by the rightful owner Georgia Power.  Defendants's answer to paragraph #21 reads:

> "Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and, therefore, cannot admit or deny same."

Defendants's response to paragraph #22 simply denies the allegation without specificity.  The arrest report fails to cite any property damage and fails to aver any perceived malice in Mr. Lucas's exercise regimen.  Mr. Lucas reiterates the pleadings affirmation in paragraph 5 of his sworn affidavit, Attachment A.  A plain reading of the arresting officer report – Attachment B – supports Mr. Lucas's affirmation.

**b)  Georgia Code 16-7-21b(1) defines criminal trespass as entry "upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person for an unlawful purpose."**

In his pleadings Mr. Lucas affirmed an intention to exercise only, with no unlawful purpose – Attachment A, Lucas affidavit, paragraph 2) - and that the Duluth Police arrest report (Attachment B) did not affirm any unlawful purpose. In the response to pleadings Defendants *deny* that the arrest report failed to affirm an unlawful purpose with no specificity.  A careful inspection of the incident report – Attachment B – does not reveal

any assertion of an unlawful purpose. Mr. Lucas thus sought, in interrogatory, "Identify each unlawful purpose City of Duluth asserts that Mr. Lucas held when he visited the Georgia Power property on April 6, 2021." The Defendant's response was:

> " In U.S. v. Selby, 26 F.R.D. 12 (N.D. Ohio 1960), the Court held that a party was not required to answer under oath interrogatories that called for legal conclusions for "it would be pointless and unfair to require a layman to swear to statements embodying the legal theories of their attorneys." 25 F.R.D. at 15. Subject to these objections, Defendant identifies that (1) Plaintiff had knowledge that he did not have permission to be on the property, (2) Plaintiff has been arrested on the property for public drunkenness, (3) Indecent exposure, (4) Defendant's prior contacts with Plaintiff on the property, (5) Upon arrival of law enforcement, Plaintiff fled from the area. Plaintiff also bypassed a gate on the property and had also done so in prior encounters with Officers from Duluth PD."

Defendants's item (1) continues to avoid the inescapable truth that only Duluth policemen – who had no jurisdiction or authority over the Georgia Power property - had ever asserted that Mr. Lucas had no "permission to be on the property." No person with authority to speak for Georgia Power ever urged Mr. Lucas to not use the property; in fact, a field supervisor for Georgia Power had granted Mr. Lucas permission to use the property. (Attachment A, Lucas affidavit, paragraphs 2 and 4.)

Similarly Mr. Lucas was not intoxicated on the evening of the arrest and was not so charged, and there was no such mention in the arrest report. (Defendants's item (2))

Mr. Lucas's exercise clothing was not illegal for public use and no such charge was in the arrest report (Defendants's item (3)); to the extent that the Defendants's response suggests public nudity, the Defendants's response is false and deceptive.

Re: Defendants's item (4), the Duluth policemen undoubtedly had prior contact on the Georgia Power property, even though the Duluth Police have no jurisdiction there. The power to issue an extrajudicial lifetime prohibition without court blessing is beyond the capacity of a Duluth Police officer outside his jurisdiction. That pattern of Duluth Police illegal behavior is an essential element of Mr. Lucas's civil rights allegation.

Defendants's item (5) – that Mr. Lucas "bypassed" a gate on the property is deceptive language, if not entirely false. The open gate at the property – near where Mr. Lucas parked his car - was Mr. Lucas's avenue of entry on the property, and required no "bypassing."

Mr. Lucas affirms there was no signage discouraging or prohibiting entry to the property, and that the entrance to the property had no closed gate at the time of any of his many

visits to the property. (Attachment A, Lucas affidavit, paragraph 6.)  Plaintiff would acknowledge that such signage or closed gating could constitute constructive knowledge of prohibition, thus the prophylactic affirmation.

**c) Georgia Code 16-7-21b(2) defines criminal trespass as entry "upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person after receiving, prior to such entry, notice from the owner, rightful occupant, or upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden."**

Mr. Lucas asserts that Georgia Power has never given notice to Mr. Lucas that his entry onto the property was forbidden. (Attachment A, Lucas affidavit, paragraph 4.)  In pleadings Defendants acknowledge that they are "without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and, therefore, cannot admit or deny same."  The Defendant pleading confirms that only Duluth Police – who were without jurisdiction or authority to speak over the property – ever asserted that Mr. Lucas's use of the property was prohibited.

Defendants more clearly acknowledge the policemen's lack of authority in response to interrogatory #3:

> Identify all parties associated with City of Duluth who have been granted by Georgia Power any authority to speak for the ownership of any Georgia Power properties.

> RESPONSE: Defendant objects to this interrogatory as it seeks to compel defense counsel to disclose mental impressions, trial strategy, none of which are discoverable. Subject to these objections, Defendant is not aware of any such parties.

Mr. Lucas's only contact with Georgia Power employees regarding the forested property was affirmative, and the employees granted him license to use the recreational area. (Attachment A, Lucas affidavit, paragraph 2.)

**d)   Georgia Code 16-7-21b(3) defines criminal trespass as one who "remains upon the land or premises of another person or within the vehicle, railroad car, aircraft, or watercraft of another person after receiving notice from the owner, rightful occupant, or upon proper identification, an authorized representative of the owner or rightful occupant to depart.**

Mr. Lucas voluntarily left the property even though he had never received notice to depart from "the owner, rightful occupant, or upon proper identification, an authorized

representative of the owner or rightful occupant." Defendants strangely denied the pleading even though – in interrogatories - they separately affirmed that Mr. Lucas "fled" the property (supra), seemingly ignoring the plain meaning of GA Code 16-7-21b(3). Plaintiff notes that no writing, pleading, nor response to interrogatory offered by Defendants asserts that anyone asked Mr. Lucas to leave that property on April 6, 2021; he left without being asked.

**SUMMARY**

Georgia law distinguishes harmless trespass from the injurious actions defined in GA Code 16-7-21; the Duluth Police department cannot arbitrarily ignore the distinction. There was no legal basis to charge Mr. Lucas with criminal trespass under Georgia law.

No employee of the City of Duluth ever had power to ban Mr. Lucas from any Georgia Power property, which was outside the city limits. No employee of City of Duluth had legal authority to conduct a warrantless physical arrest for any alleged activities not personally witnessed outside the city limits of Duluth.

As (1) no party associated with City of Duluth claims power to speak for the ownership of the Georgia Power, and (2) the property is outside the jurisdiction of Duluth Police Department, Plaintiff Gary Lucas is entitled to a ruling of law that the physical arrest for criminal trespass on the Georgia Power property April 6, 2021 was illegal.

As a factually uncontroverted matter of law, Mr. Lucas is entitled to a ruling that the unwarranted arrest by Duluth Police for activities outside their jurisdiction was illegal, and that the charges brought under the Criminal Trespass statute had no foundation.

This 21st day of January 2025.

Respectfully submitted,

Joel McLemore
GA 496919
2606 Bluebird Circle
Duluth, GA 30096
(678) 386-1182
jbmlaw01@hotmail.com

## LOCAL RULE 5.1C CERTIFICATION

By signature below, counsel certifies the foregoing BRIEF was prepared in Times New Roman 14-point font.

    This 22nd day of January 2025.

                                            Respectfully submitted,

                                            Joel McLemore
                                            GA 496919

## CERTIFICATE OF SERVICE

I certify that I electronically filed this "BRIEF IN SUPPORT OF PLAINTIFF GARY LUCAS'S FIRST MOTIONS FOR PARTIAL SUMMARY JUDGMENT" with the Clerk of Court by e-filing using the CM/ECF System to the following attorneys of record:

Kevan G. Dorsey
Mason Borucki
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231 Phone: (404) 874-8800 Fax: (404) 888-6199
kevan.dorsey@swiftcurrie.com
mason.borucki@swiftcurrie.com

     This 22nd day of January 2025.

                            Respectfully submitted,

                            Joel McLemore
                            GA 496919
                            2606 Bluebird Circle
                            Duluth, GA 30096
                            (678) 386-1182
                            jbmlaw01@hotmail.com