IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY LEROY LUCAS, | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>1:24-CV-5064-SDG |
| CITY OF DULUTH, GEORGIA, ET AL, | |
| Defendants | |

# BRIEF IN OPPOSITION TO DEFENDANTS CITY OF DULUTH, BEAU VEGTER, AND JOHN BUSTAMANTE MOTIONS FOR SUMMARY JUDGMENT

## INTRODUCTION

The defendants's flurry of procedural motions is intended to mask the inescapable substantial truth: Duluth Police falsely arrested Gary Lucas.

The basis for the arrest according to the prosecution statement was Georgia Code 16-7-21b(2). The statute defines criminal trespass as entry "upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person after receiving, prior to such entry, notice from the owner, rightful occupant, or upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden."

The situs of the falsely alleged criminal act was then, and is now, owned by Georgia Power, a utility company. The property is outside the City of Duluth, and no officer of the Duluth Police Department has ever been an authorized representative of Georgia Power. No officer of the Duluth Police Department has jurisdiction over the Georgia Power property.

Georgia Power has never given either actual or constructive notice to Mr. Lucas that his entry on the property was forbidden.

Approximately one year before the false arrest, Defendant Officer Vegter encountered Mr. Lucas lounging on the Georgia Power property, and ordered him to leave immediately, adding the threat that he would arrest Mr. Lucas should he ever find him there again. Given the lack of jurisdiction and the lack of authority to speak for the ownership of the property, the order was patently illegal.

Sensing the illegality of the order by Officer Vegter, Mr. Lucas then sought out the Georgia Power team that manages the property and confirmed with them that his non-destructive use of the property was not objectionable. Mr. Lucas thereafter resumed using the property regularly.

On April 6, 2021 Mr. Lucas was strolling the Georgia Power property. Officer Vegter noticed the car parked on the property outside his jurisdiction, and "ran the plates" confirming Mr. Lucas's ownership of the vehicle. Mr. Vegter then called Mr. Bustamante, Mr. Rodriguez, and Mr. Lee Foon to the scene to try to capture Mr. Lucas. The clueless Mr. Lucas, noticing the abundance of blue lights, feared that there must be some serious criminal activity in the area and left in his vehicle. Officer Lee Foon tracked the departing vehicle by drone, and Mr. Vegter then stopped Mr. Lucas; note there was no alleged traffic violation, but the stop was targeted, due only to Mr. Lucas's prior presence on the property outside City of Duluth. Mr. Bustamante, the senior officer on site then took control of the investigation, directing the actions of the other three officers. Duluth Police filed the criminal charges consciously omitting significant factual elements of the charge.

**DEFENDANTS'S MOTIONS FOR SUMMARY JUDGMENT**

Defendants offer seven discrete procedural arguments to evade their liability for the torts committed against Mr. Lucas:

Defendants assert that plaintiff failed to provide "a timely AND proper ante-litem notice; **(Section I)** and as evidence provides only a partial list of notices delivered to all defendants.

Defendants assert that the claims of False Imprisonment and False Arrest (and corresponding Section 1983 claims), Plaintiff filed this action after the statute of limitations expired **(Section II)** and then contradict the assertion with an acknowledgment of the merger doctrine in Georgia in their Section III.

Defendants assert the claim of false arrest is abolished by the malicious prosecution; **(Section III)**; the assertion misapprehends Georgia law.

Defendants assert the claim of malicious prosecution (and corresponding Section 1983 claim) lacks evidence of probable cause element and the malice element necessary to pursue this claim; **(Section VI)**; defendants seemingly ignore the history of illegal orders by Duluth and the targeted actions prior to the arrest.

Defendants Vegter and Bustamante assert there is no claim against them **(Section IV)**. Both officers were material participants in the wrongful detention and arrest of Mr. Lucas, described above in the Introduction, and as revealed in the arrest video. Plaintiff Gary Lucas regards Mr. Vegter and Mr. Bustamante as the primary bad actors in the false arrest.

Defendants assert Officers Vegter and Bustamante were "merely back-up officers," **(Section V)**. Mr. Vegter was the officer who called the other officers onto the scene outside the jurisdiction of Duluth Police. Mr. Vegter was also the bad actor who issued the illegal threats against Mr. Lucas one year earlier that constituted the fig leaf for the illegal arrest. Mr. Bustamante, the senior officer at the roadside detention, was the primary mover in the false arrest that led to the false imprisonment and malicious prosecution. Plaintiff Gary Lucas regards Mr. Vegter and Mr. Bustamante as the primary bad actors in the false arrest.

Defendants assert Vegter and Bustamante are entitled to both qualified and official immunity for the claims made against them; **(Section VII)**. The qualified and official immunity offered Georgia policemen protects only policemen acting in a ministerial capacity, and does not constitute a license to knowingly commit torts. The broad reading urged by Defendants is contrary to the June 12, 2025 unanimous decision by the US Supreme Court in Martin v US, No. 24–362, which reminded the lower courts to be aware of the general superiority of the 4th Amendment over various statutes.

**Response to Section I**

Mr. Lucas first gave notice to City of Duluth of the false arrest, false imprisonment, and malicious prosecution on April 19, 2021 via the City of Duluth website. Major Mark Hunter responded on behalf of the City on May 11, 2021, without addressing the jurisdiction and notice issues that the officers skated over.

The undersigned counsel for Mr. Lucas provided notice to the Legal Department of City of Duluth on March 14, mentioning only the false arrest; my note then reflected a misperception of Georgia law on statute of limitations. On April 10, Stephen Pereira, representing himself as counsel for City of Duluth, rejected my request for waiver of statute of limitations, without noting the pendant criminal case, **copying his note to the City Manager rather than the mayor**. (Exhibit A). The provision of information to the City Manager was not unexpected; Duluth, as is the case with several larger cities in

Georgia, has bifurcated the duties of the mayor, where the mayor is public relations and marketing for the city, and the city manager handles the actual day-to-day management. I had researched the statute of limitations in the interim, and responded to Mr. Pereira noting our intention to pursue as malicious prosecution and requesting preservation of records.

The undersigned initiated the next meaningful correspondence with Kevan Dorsey, new counsel for the city in the matter, on June 7, 2024. I advised Mr. Dorsey of my intention to file the suit in the near term, and asked whether he would represent all defendants or just the City of Duluth, and whether his clients would waive service. Mr. Dorsey responded that he would represent all defendants, but was silent on waiver of service. In a follow up on waiver of service June 10, Mr. Dorsey affirmed, "I will speak with them re waiver but likely should not be an issue." I advised Mr. Dorsey that I would serve his clients if that is his preference. Mr. Dorsey never responded on service. (Exhibit B)

The undersigned sent via certified mail copies of the pleadings along with the statutory waiver form to each defendant on July 2, 2024. The pleadings and waiver form provided sufficient information to constitute the ad litem notice.

The undersigned sent an additional copy of pleadings along with the summons via certified mail on September 6, 2024 to each defendant. (Exhibit C)

Receiving no substantive response, the undersigned engaged the Sheriff's Department to serve all defendants on October 4. The Sheriff's Department served the City on October 4, and served Messrs Lee-Foon, Bustamante, and Vegter on November 14. The Sheriff was unable to locate Mr. Hunter and Mr. Rodriguez. (Exhibit D)

All defendants removed to Federal Court on November 5, 2024.

Defendants magnify the appellate court ruling in Fleureme v. City of Atlanta; Fleureme is not final law. S24G0995 Fleureme v. City of Atlanta et al. is currently before the Supreme Court of Georgia. The court has not yet ruled, but the oral argument is online [Oral Arguments – January 15, 2025 – Supreme Court of Georgia https://www.gasupreme.us/oa-january-15-2025/](https://www.gasupreme.us/oa-january-15-2025/). The court questioning beginning at the 16;00 mark reflected preference for substantial notice rather than strict construction of the statute. The subjective view of the undersigned is that the Supreme Court questioning sounded hostile to the appellate court interpretation of the statute.

There can be no question that the many notices of Mr. Lucas's claims provided substantial information permitting the defendants to investigate. Plaintiff believes that investigation is the primary reason the Defendants now pursue only procedural claims, as the substance of the allegations is unarguably against them.

**Response to Sections II and III**

Defendants incorrectly affirm that a cause of action for false arrest accrues at the time of the arrest. Defendants incorrectly affirm that an action for false imprisonment accrues at the time of the initial imprisonment. The long-established jurisprudence in Georgia is the logical principal that there is no basis for action under the false arrest and false imprisonment statutes until any underlying prosecution is ended without further cost to the victim of the torts:

> The only distinction between malicious arrest and malicious prosecution lies in whether prosecution was "carried on" and the plaintiff must show a termination to prove malicious arrest. Smith v Embry, 103 Ga. App.375, 119 S.E.2d 45 (1961), overruled on other grounds, Ferrell v, Mikula, 295 Ga. App. 326, 672 S.E.2d 7 (2008)

This commonality of dependence on dismissal of charges is the meaning of the "merger" doctrine cited by defendants. In the case of Mr. Lucas, the date the false arrest accrued and the date the false imprisonment accrued are both June 27, 2023, the same date the state asked the court to dismiss the charges and the malicious prosecution claim accrued.

The so-called merger doctrine does not abolish or otherwise limit any statutory claims; quite the opposite,

> "False arrest, false imprisonment, and malicious prosecution are not mutually exclusive, and a plaintiff can proceed before a jury on all three theories." Wal-Mart Stores, Inc. v Johnson, 249 Ga. App 84, 547 S.E.2d 320 (2001), overruled on other grounds Ferrell v. Mikula, 295 Ga. App. 326, 672 S.E. 2d 7 (2008).

The jury is the appropriate entity to weigh the factual basis for the allegations.

**Response to Sections IV and V**

Officers Bustamante and Vegter were material participants in all elements of the false arrest and subsequent torts. Mr. Vegter was the officer who, outside his legal jurisdiction and without any authority from Georgia Power (property owner), ordered Mr. Lucas to never set foot on the Georgia Power property again. The order was patently illegal. Mr. Lucas thereafter obtained permission from Georgia Power to make his recreational use of the property. According to the investigation by Major Mark Hunter, Mr. Vegter was the officer who saw Mr. Lucas's car on the Georgia Power property, ran the plates, stopped Mr. Lucas and launched the targeted effort to prosecute by calling in support.

Mr. Bustamante was the senior officer among the gang of four on the scene at the time of the arrest cited in the report by Major Mark Hunter. The arrest video clearly shows

Mr. Bustamante averring (falsely) that the Duluth Police had jurisdiction over the Georgia Power property, and denying Mr. Lucas's truthful affirmation that he had permission to use the property. Mr. Bustamante also knew that Mr. Vegter had no authority to speak for Georgia Power and his pressure against Mr. Rodriguez was the primary factor in the decision to arrest.

The "undisputed record evidence" element of the motion is a sore subject for Plaintiff. Twice the Plaintiff sought production of the arrest video; the first time the Defendants negligently failed to produce the video, and the second time the Defendants falsely asserted the video had been produced to Plaintiff. Mr. Lucas's testimony will be explicit even without the damning video, as he deems Mr. Bustamante primarily responsible for the false arrest.

None of the actions of any one of the group of officers was independent of the actions of the others; they worked as one. The factuality of the false arrest, false imprisonment, and malicious prosecution launched by the officers cannot be seriously questioned; a jury would be the appropriate entity to determine relative guilt of the tortfeasors, although Georgia law makes tortfeasors acting in concert jointly and severally liable.

Section V argues that Messrs. Vegter and Bustamante were mere backup officers; the evidence is otherwise. Mr. Vegter's illegal assertions of jurisdiction and false assertion of authority to speak for Georgia Power were the sole basis for the prosecution. Mr. Bustamante controlled the arrest procedure, giving instructions to the other officers. Neither was acting as a backup officer, but both were the primary movers in the illegal actions by the police.

**Response to Section VI**

Defendants conjoin the malicious prosecution claim and the Section 1983 claim. The latter is independent of the other claims, and the evidence of the other claims is the basis for the larger 1983 claim.

The malicious prosecution claim arises from selective omission of vital information in the criminal arrest warrant affidavit filed by the Duluth Police (Exhibit E). Nothing in the affidavit acknowledged the lack of jurisdiction by Duluth Police, although the Police were aware that the property was outside their jurisdiction. Nothing in the affidavit seeking the criminal warrant mentioned the lack of authority for any City of Duluth employee, Policeman or otherwise to speak for the ownership of the property, although the Police Report (Exhibit F) noted that the only "victim" of the crime was Georgia Power. Georgia Power did not lack ability to assert its interests, but has never done so. The Defendants – in this motion for summary judgment – copied the signature portion of

the State Warrant for arrest and omitted the section immediately above the signed arrest warrant with the deceptive allegations, seemingly an attempt to deceive this court also.

Those deceptions caused the two year prosecution of Mr. Lucas, dismissed only when the solicitor had the opportunity to review the charge; dockets are often full in Gwinnett County and the evidence of official misconduct was the basis for the decision to drop charges.

Nothing the Defendants argue about malicious prosecution has any effect on the validity of the 1983 charge. Section 1983 reads simply
> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

While the evidence of the violation of Section 1983 is found in the same evidence as the various state charges, the right to relief under 1983 is independent of any related state statutory tort claims. A case amazingly similar to that of Mr. Lucas arose in the Southern District of Ohio, Eastern Division, Burk v City of Columbus, et al, 2:20-cv-06256-JLG-CMV, filed December 4, 2020. The allegations mirror those of Mr. Lucas – false arrest, false imprisonment and Section 1983, but no malicious prosecution claim as no charges were filed. The only significant differences in the case were that the City of Columbus police were acting within their jurisdiction, and that the plaintiff Mr. Burk had a shotgun in his possession (whereas Mr. Lucas was unarmed.) The basis for the November 2024 $1.6 million verdict for Mr. Burk was de minimis awards for the arrest and imprisonment, and a substantial validation of the 1983 charge.

**Response to Section VII**

Defendants assert that the policemen are entitled to official immunity under various statutes. The opening sentence in the brief says it all:

> "Government officials are shielded from individual liability unless they "violate clearly established statutory or constitutional rights of which a reasonable person would have known."

Most reasonable people would know that officers outside their legal jurisdiction have no unilateral power to command others to leave property owned by others. The officers themselves explicitly knew they lacked jurisdiction over the Georgia Power property, and that none of them had power to speak for Georgia Power.

The Defendants select an unfortunate time to magnify vague statutory immunity. The June 12, 2025 unanimous decision by the US Supreme Court in Martin v US, No. 24–362, overruled the 5th Circuit Court of appeals in a similar police action tort.  The Supreme Court reminded the lower courts to be aware of the general superiority of the 4th Amendment over various statutes.

**SUMMARY**

Defendants Section I arguments ignore the abundance of notices sent to the city, and the defendants reliance on the interim ruling in Fleureme seems to be misplaced.  The Section II arguments omit the long-standing Georgia courts requirement for dismissal of criminal charges before a false arrest or false imprisonment claim can be pursued, and the related Section III misrepresentation of the "merger" doctrine incorrectly suggests valid charges cannot be pursued by a victim of the statutory torts.  The Section IV argument asserts that where a tort is committed by a group acting in concert the specific actions of each individual must be itemized; in this case the documentation shows the specific evil acts by Mr. Vegter, and Mr. Bustamante was the conductor who orchestrated the entire set of torts.  The related Section V affirms that Messrs. Vegter and Bustamante were mere back up officers, a factual issue for a jury, and Mr. Lucas will offer a contrary representation.  The Section VI argument focuses entirely on the evidence standard of malicious prosecution, seemingly suggesting that a prosecution arising from targeted arrest without a legal foundation cannot be adjudged "malicious;" the reasonable person standard would be a factual determination by a jury.  The Section VII argument asserts that an immunity statute lends police officers a right to commit personal torts, a perspective swatted down by the unanimous decision of the US Supreme Court this month.  The procedural arguments offered by the Defendants are not well founded.


This 24nd day of June 2025.

                                            Respectfully submitted,

                                            Joel McLemore
                                            GA 496919
                                            2606 Bluebird Circle
                                            Duluth, GA 30096
                                            (678) 386-1182
                                            jbmlaw01@hotmail.com

# LOCAL RULE 5.1C CERTIFICATION

By signature below, counsel certifies the foregoing BRIEF was prepared in Times New Roman 14-point font.

    This 24$^{nd}$day of June 2025.

                                                 Respectfully submitted,

                                                 Joel McLemore
                                                 GA 496919

# CERTIFICATE OF SERVICE

I certify that I electronically filed this "BRIEF IN OPPOSITION TO DEFENDANTS CITY OF DULUTH, BEAU VEGTER, AND JOHN BUSTAMANTE MOTIONS FOR SUMMARY JUDGMENT" with the Clerk of Court by e-filing using the CM/ECF System to the following attorneys of record:

Kevan G. Dorsey
Mason Borucki
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231 Phone: (404) 874-8800 Fax: (404) 888-6199
kevan.dorsey@swiftcurrie.com
mason.borucki@swiftcurrie.com

    This 24nd day of June 2025.

                                             Respectfully submitted,

                                             Joel McLemore
                                             GA 496919
                                             2606 Bluebird Circle
                                             Duluth, GA 30096
                                             (678) 386-1182
                                             jbmlaw01@hotmail.com