**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GARY LEROY LUCAS,<br>    Plaintiff,<br><br>            v.<br><br>CITY OF DULUTH, GEORGIA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:24-cv-05064-SDG |

**OPINION AND ORDER**

This case is before the Court on several motions filed by the parties: (1) a Rule 12(c) partial motion for judgment on the pleadings filed by Defendants City of Duluth, Georgia (the City), Beau Vegter, and John Bustamente [ECF 17]; (2) Plaintiff Gary Lucas's first motion for partial summary judgment [ECF 21]; and (3) a Rule 12(b)(5) motion to dismiss filed by Defendants Mark Hunter, Hector Rodriguez, and Julian Lee-Foon [ECF 29].[1] For the following reasons, the partial motion for judgment on the pleadings filed by Defendants is **DENIED**, the motion for partial summary judgment by Plaintiff is **DENIED as premature**, and the Defendants' Rule 12(b)(5) motion to dismiss is **GRANTED IN PART and DENIED IN PART**.

---

[1] This Order does not address the motion for summary judgment filed by Defendants City of Duluth, Vegter, and Bustamente [ECF 31], which will be ruled on in a subsequent Order.

1

**I.  FACTUAL BACKGROUND**[2]

This case arises out of the arrest of Lucas by members of the City of Duluth Police Department (DPD) in April 2021.[3] Around midnight on April 6, Lucas drove to property owned by Georgia Power, located adjacent to the city limits of Duluth, Georgia, to exercise—a routine he had followed for several years.[4] The Georgia Power property did not have any signs prohibiting trespassing and was not gated.[5] Shortly after arrival, Lucas noticed police lights in the area and, perceiving himself in danger, he returned to his car and drove away.[6]

Lucas was later stopped by two DPD officers, Defendants Rodriguez and Lee-Foon.[7] Rodriguez placed Lucas under arrest, and Lucas's car was

---

[2]  For the purposes of the motion for judgment on the pleadings, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This Factual Background is not necessary for the resolution of the other motions.

[3]  *See generally* Compl., ECF 1-1.

[4]  *Id.* ¶¶ 10, 11.

[5]  *Id.* ¶¶ 12, 13.

[6]  *Id.* ¶¶ 14, 15.

[7]  *Id.* ¶ 16.

impounded.[8] Lucas was taken to county jail and charged with criminal trespass pursuant to O.C.G.A. § 16-7-21.[9]

Some time later, Lucas emailed a complaint to the City of Duluth regarding his arrest.[10] Defendant Hunter, a major at DPD, investigated the complaint and ultimately concluded that the DPD officers complied with the policies and procedures of the City of Duluth and DPD.[11] More than two years after the arrest, the district attorney dismissed the case against Lucas.[12]

## II.   PROCEDURAL BACKGROUND

Lucas initially filed his complaint in the Superior Court of Gwinnett County, Georgia, on June 10, 2024, alleging four causes of action: (1) negligence *per se* pursuant to O.C.G.A. § 51-1-6; (2) false imprisonment pursuant to O.C.G.A. § 51-7-20; (3) malicious prosecution pursuant to O.C.G.A. § 51-7-40; and (4) civil rights violations pursuant to 42 U.S.C. § 1983 based upon false arrest, unlawful

---

[8]   *Id.* ¶¶ 17, 18.

[9]   *Id.* ¶ 19.

[10]  *Id.* ¶ 51.

[11]  *Id.* ¶ 52.

[12]  *Id.* ¶ 54.

incarceration, and malicious prosecution.[13] The City of Duluth removed the case, and the City, Vegter, and Bustamente filed answers.[14]

The City, Vegter, and Bustamente also filed a partial motion for judgment on the pleadings on the ground that certain of Lucas's claims were time-barred.[15] A few weeks later, and well before the close of discovery, Lucas filed a "first motion[ ] for partial summary judgment."[16] Several months later, Defendants Hunter, Rodriguez, and Lee-Foon filed a motion to dismiss for insufficient service of process.[17] The motions have been fully briefed and are therefore ripe for resolution.

### III.   DISCUSSION

#### A.   Lucas's partial motion for summary judgment is premature.

The Scheduling Order entered in this case established a discovery deadline of May 5, 2025, and a dispositive motions deadline of June 4.[18] Lucas filed his partial motion for summary judgment—which he denominated as his "first"—in

---

[13]  *See generally id.* In their briefing, the parties re-frame the first cause of action as one for false arrest.

[14]  ECFs 1, 6, 7.

[15]  ECF 17.

[16]  ECF 21.

[17]  ECF 29.

[18]  ECF 16.

4

January 2025.[19] The City, Vegter, and Bustamente opposed the motion, noting among other things that the motion was premature, as Lucas had not yet been deposed.[20]

"Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013). Here, Lucas filed his motion less than three weeks after entry of the Scheduling Order and before Lucas had been deposed. As such, Defendants cannot be said to have received a reasonable opportunity to discover information essential to their opposition, *i.e.*, the circumstances of Lucas's arrest, and whether Defendants had probable cause to arrest or prosecute Lucas. Lucas's motion is therefore premature, and the Court elects to deny Lucas's motion without prejudice pursuant to Fed. R. Civ. P. 56(d). *See Snook v. Tr. Co. of Ga. Bank of Savannah*, 859 F.2d 865, 871 (11th Cir. 1988) ("In this Circuit, a party opposing a motion for summary judgment need not file an affidavit pursuant to [current Rule 56(d)] of the Federal Rules of Civil Procedure in order to invoke the protection of that Rule.").

---

[19] ECF 21. Undersigned's Standing Order Regarding Civil Litigation provides that "[t]he filing of piecemeal or successive motions for summary judgment by a single party is prohibited, absent prior permission of the Court." *Id.*, Section IV.a., available at: https://www.gand.uscourts.gov/DJdir/SDG.

[20] ECF 23, at 12.

Now that Defendants have filed their own dispositive motions, Lucas is granted leave to file a renewed motion for summary judgment within 30 days of this Order.

### B. Defendants Hunter and Rodriguez were not properly served and are therefore dismissed, but Defendant Lee-Foon remains as a defendant.

Defendants Hunter, Rodriguez, and Lee-Foon move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.[21] In his response, Lucas acknowledges that Hunter and Rodriguez were never served at all and agrees to dismiss Hunter; however, Lucas asserts that Lee-Foon was served, and that Rodriguez should not be dismissed for various reasons.[22] Hunter is therefore dismissed as a defendant in this case, and because Lucas has shown neither good cause for his failure to properly serve Rodriguez nor other circumstances warranting an extension, Rodriguez is dismissed as well. Lee-Foon remains as a defendant, pending Lucas's filing of proof of service on this Court's docket.

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or

---

[21] ECF 29.

[22] ECF 35.

order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Under Eleventh Circuit caselaw, "[g]ood cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). And "[e]ven if a district court finds that a plaintiff failed to show good cause, 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *Id.* (quoting *Lepone-Dempsey*, 476 F.3d at 1282); *see also id.* (quoting *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause.").

### 1. Defendant Rodriguez was not properly served, nor is an extension warranted, and therefore Rodriguez is dismissed.

Lucas suggests that his failure to properly serve Rodriguez is attributable, at least in part, to "misleading information" provided by defense counsel.[23] However, after reviewing the correspondence between counsel attached to Lucas's

---

[23]   ECF 35-1, at 3.

response, the Court does not perceive any misconduct by defense counsel. Defense counsel stated in June 2024 that he would speak with his clients regarding waiver of service, which "likely shouldn't be an issue."[24] Ultimately, no waiver was granted, and Lucas engaged the Sheriff's Department to serve Defendants in October 2024.[25] The Sheriff's Department successfully served the City and Lee-Foon but not Hunter or Rodriguez.[26]

Lucas's response provides no explanation as to why he has not served Rodriguez in the ten months since then, and accordingly he has not shown good cause for an extension. Especially considering that the state court had granted Lucas an extension until November 25, 2024 to perfect service of process,[27] Lucas has given the Court no reason to extend the deadline for service any further. The single fact that Rodriguez may have received notice of this litigation via certified mail does not make service proper here. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."); *see also Anthony v. Ga. Power*, No. 1:23-CV-03137-SCJ, 2024 WL 3729273, at *2 (N.D. Ga. Mar. 4, 2024) (citations omitted) (concluding that service

---

[24] ECF 35-3, at 3.

[25] ECF 35-1, at 3.

[26] *Id.*

[27] ECF 1-9.

8

on an individual by certified mail was invalid under federal and Georgia law, reasoning that "[l]ike [Fed. R. Civ. P.] 4, under Georgia law, an individual defendant must be served personally, at the individual's home, or to an agent designated by law").

Nor has Lucas presented the Court with any other circumstances that warrant an extension of time. In *Lepone-Dempsey*, the Eleventh Circuit held that the district court should have considered the running of the statute of limitations in deciding whether to extend the time for service. 476 F.3d at 1282. But Lucas did not raise a statute of limitations, or any other, issue for the Court to consider in granting a permissive extension. Nor is there any indication that Lucas could not have served Rodriguez in the approximately seven months between the Sheriff's Department's unsuccessful attempt at service in November 2024 and the Rule 12(b)(5) motion in June 2025—almost a full year after the complaint was filed.[28] Accordingly, the motion to dismiss is granted as to Rodriguez.

### 2. Defendant Lee-Foon remains as a defendant, pending Lucas's filing of proof of service.

Lee-Foon asserts that he has not been served and therefore should also be dismissed. In opposition, Lucas states that Lee-Foon was served by the Sheriff's Department in November 2024 and attaches what appears to be a copy of the state

---

[28] ECFs 29, 35-2.

court docket showing the same.[29] Accordingly, the motion to dismiss is denied without prejudice as to Lee-Foon. However, the Court orders Lucas to file proof of service on Lee-Foon on this Court's docket within 30 days. Failure to do so will result in Lee-Foon's dismissal.

### C. Lucas's claims are not time-barred, and therefore the partial motion for judgment on the pleadings is denied.

The City, Vegter, and Bustamente move for judgment on the pleadings on Lucas's false arrest, false imprisonment, and § 1983 claims[30] on the ground that they are time-barred. These claims are all subject to a 2-year statute of limitations. *Reese v. City of Atlanta*, 247 Ga. App. 701, 702, 703 (2001) (false arrest and false imprisonment claims under Georgia law); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (§ 1983 claims). Because Lucas's complaint does not show on its face that the limitations period has expired for these claims, Defendants' motion is denied.

Rule 12(c) states that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment

---

[29] ECF 35-2.

[30] The parties agree that Lucas may not pursue a claim pursuant to 18 U.S.C. § 242, *compare* ECF 17, at 3–4, *with* ECF 19, at 3, nor does the complaint contain such a separately denominated claim, *see generally* Compl., ECF 1-1. Nor does Defendants' motion refer to Lucas's state law malicious prosecution claim. *See generally* ECF 17.

may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The legal standard for assessing a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6), *Hawthorne*, 140 F.3d at 1370, which requires, in brief, that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A statute of limitations defense can be raised on a motion to dismiss for failure to state a claim when "the complaint shows on its face that the limitations period has run." *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

The complaint here shows on its face that Lucas was arrested on April 6, 2021; that the charges against him were dismissed on June 27, 2023; and that the complaint was filed on June 10, 2024.[31] It is unclear from the complaint when (or if) Lucas was released following his arrest. This affects the outcome of Defendants' motion in two distinct ways.

First, it is not clear from the face of the complaint that Lucas was released from imprisonment more than two years before his complaint was filed.

---

31   Compl. ¶¶ 11–17, 54.

Defendants assert, without citation, that Lucas was released on bond on April 7, 2021.[32] For his part, Lucas acknowledges that he was "release[d]" from jail but does not indicate when, or under what circumstances.[33] A state law false imprisonment claim accrues upon the plaintiff's release from imprisonment. *Reese v. Clayton Cnty.*, 185 Ga. App. 207, 208 (1987) (citing *Meyers v. Glover*, 152 Ga. App. 679, 680 (1979), *overruled in part on other grounds by McCord v. Jones*, 168 Ga. App. 891, 892 (1983)). Lucas is incorrect that "the travel constraints that conditioned [his] 'release' from the county jail" affect the accrual date;[34] in *Reese*, the Georgia Court of Appeals held that a false imprisonment claim was time-barred where the plaintiff was released on bond in September 1981, the charges against her were dismissed in June 1985, and she filed suit November 1985. *Id.* at 207–08. It is the date when Lucas was released from custody that controls, not the conditions of release. But because that date is not apparent from the face of the complaint, the Court cannot conclude as a matter of law that the claim is time-barred.

Second, the state law false arrest claim and the § 1983 malicious prosecution claim did not accrue until the proceeding against Lucas terminated in his favor, which, according to the complaint, occurred within the limitations period. In

---

[32] ECF 17, at 3.

[33] ECF 19, at 2.

[34] *Id.*

*McCord*, the Georgia Court of Appeals clarified that a state law false arrest[35] claim "does not accrue until the definite termination, by dismissal or otherwise, of the proceeding against the arrested party." 168 Ga. App. at 892 (overruling in part *Meyers*). Similarly, a § 1983 malicious prosecution claim "accrues when the prosecution against the plaintiff terminates in his favor," *i.e.*, when "the prosecution against him formally ended in a manner not inconsistent with his innocence on at least one charge that authorized his confinement." *Laskar v. Hurd*, 972 F.3d 1278, 1285, 1293 (11th Cir. 2020).

The Court notes that under § 1983, "[i]f there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (citation omitted). While this may affect the ultimate measure of Lucas's damages, if any, it does not time-bar his § 1983 claim. According to the complaint, the charges against him were dismissed in June 2023, and he filed suit in June 2024. Therefore, his state

---

[35] *McCord* labeled the relevant claim as one for "malicious arrest." 168 Ga. App. at 892. The Court of Appeals has elsewhere recognized that courts have frequently used "false arrest" and "malicious arrest" interchangeably to refer to claims under O.C.G.A. § 51-7-1, *et seq. See Ferrell v. Mikula*, 295 Ga. App. 326, 329, 331–32 (2008).

law false arrest[36] and § 1983 malicious prosecution claims were timely. Defendants' motion is denied.

## IV. CONCLUSION

The partial motion for judgment on the pleadings filed by Defendants City of Duluth, Vegter, and Bustamente [ECF 17] is **DENIED**. Lucas's first motion for partial summary judgment [ECF 21] is **DENIED as premature**. Lucas is **GRANTED LEAVE** to file a renewed motion for summary judgment within 30 days of this Order.

The Rule 12(b)(5) motion to dismiss filed by Defendants Hunter, Rodriguez, and Lee-Foon [ECF 29] is **GRANTED IN PART and DENIED IN PART**. Defendants Hunter and Rodriguez are **DISMISSED** as defendants in this case. Lucas is **ORDERED** to file proof of service on Defendant Lee-Foon on this Court's docket within 30 days of this Order. Failure to do so will result in Lee-Foon's dismissal from this case.

---

[36] Left for another day is the question of whether Lucas can pursue a false arrest claim, considering that his arrest continued to prosecution. *See Perry v. Brooks*, 175 Ga. App. 77, 78 (1985) ("[I]f the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for malicious arrest will not lie.") (citation omitted).

The Clerk of Court is **DIRECTED** to submit this Order to undersigned after 30 days.

**SO ORDERED** this 30th day of September, 2025.

_____
Steven D. Grimberg
United States District Judge